## SULLIVAN SAVINGS INSTITUTION *v.* KELLEY.

An account under oath by a mortgagee to an attaching creditor is sufficient, if it furnish such data as will enable the creditor to ascertain, by mere arithmetical computation, the amount due upon the note secured by the mortgage.

WRIT OF ENTRY, on a mortgage given to the plaintiff by James Duff. After the mortgage was given, the defendant, a creditor of Duff, attached the land, and under Gen. St., *c.* 205, *s.* 9, demanded of the plaintiff an account of the amount due on the mortgage. The account rendered by the plaintiff was sworn to as a just and true account, and contained a copy of the note secured by the mortgage, and of all the indorsements thereon, being all the payments made thereon of some of the principal, and all the interest then due, the note showing the interest to be payable semi-annually, and the payments of interest being indorsed in this form: "Int. paid to Oct. 1, 1877." "Int. paid to Apr. 1, 1878." The account stated that the interest, in fact, was computed at 7 3-10 per cent. The defendant objected to the account as insufficient. The court overruled the objection, and rendered judgment for the plaintiff, and the defendant excepted.

*Wait*, for the defendant.

We do not contend that it was necessary for the plaintiffs to state the precise amount due upon the note, but we insist that it was incumbent upon them to furnish at least such data as would enable the defendant to compute the amount which the plaintiffs claimed to be due. This certainly was not done. The plaintiffs had taken unlawful interest, and avowed it, but they did not state whether they intended to surrender the amount thus unlawfully taken, to be applied upon the principal, or whether the principal was to remain unreduced thereby.

We are not seeking to charge the plaintiffs by reason of an honest mistake in computation, or in a case where there was difficulty or doubt, but for an omission to perform a plain duty enjoined upon them by the statute.

*Colby*, for the plaintiff.

FOSTER, J. Any creditor, attaching his debtor's interest in real estate, may demand of the person entitled to the redemption or purchase-money an account under oath of the amount due him. Gen. St., *c.* 205, *s.* 9. The object of the statute is to enable the creditor to tender the exact sum for which the estate is held under the mortgage. *Gilmore* v. *Gale*, 33 N. H. 410, 419; *Putnam* v.

*Osgood*, 51 N. H. 192, 207. The account rendered contained a copy of the note and of all the indorsements thereon, with the dates of payment, and stated that the interest paid and indorsed was computed at a certain rate per cent. This was a compliance with the requirement of the statute. The question to be answered by the account was, not what the plaintiff claimed to be due, but what was due. The account correctly stated all the facts bearing on that question. At what rate the interest should be computed, was a question of law which the plaintiff was not bound to answer.

*Exception overruled.*

DOE, C. J., and ALLEN, J., did not sit: the others concurred.